IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY MATHIAS ADAIR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-06-2602 |
| MCGUIREWOODS LLP, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action arises out of a three-count Complaint filed by Nancy Mathias Adair ("Adair" or "Plaintiff") against her former employer, McGuireWoods LLP ("McGuireWoods" or "the Firm"), and supervising attorney, Joseph G. Tirone ("Tirone"), (collectively, "Defendants") alleging, *inter alia*, that they violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*. Pending before this Court is the Defendants' Motion to Dismiss Count Two of Plaintiff's Complaint (Paper No. 10). Defendants contend that Count Two purports to state a claim for common law abusive discharge and should be dismissed because abusive discharge is not recognized in Maryland when there is a statutory remedy, such as the FMLA, available. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' Motion to Dismiss Count Two is DENIED.

### BACKGROUND

The facts are viewed in a light most favorable to the Plaintiff. Defendant McGuireWoods LLP ("McGuireWoods" or "the Firm") is a law firm with an office in Baltimore, Maryland. Nancy Adair ("Adair") began working for McGuireWoods in 1997 as a legal secretary. During her years with the Firm, she worked for several attorneys. In 2004, she was assigned to work

with Defendant Joseph Tirone, a partner in the Corporate Services Department of the Firm. Adair and Tirone shared a "cordial working relationship" for nine months. (Compl. ¶ 8.) During that time, she received generally positive reviews from Tirone, as well as a $1,500 raise in April of 2005.

In July of 2005, while Adair was on vacation, she learned that her mother had a heart attack and required open heart bypass surgery in California. She returned early from her vacation and informed her supervisors and the Firm's office manager that she was cutting her vacation short in order to save her leave time to care for her mother. When her mother was healthy enough to travel to Maryland, Adair requested intermittent leave time pursuant to the Family Medical Leave Act ("FMLA") to take her mother to medical appointments and care for her. In particular, she asked to leave work for a couple of hours at a time and at 5:00 p.m. several days a week. Tirone did not approve of Adair's requested leave time. Specifically, he objected to the fact that she had to leave at 5:00 p.m. and felt that she was not sticking to an appropriate schedule. He allegedly made known to Adair that she should spend more time at the office. Nonetheless, her request for leave time was ultimately approved by the Firm.

After her leave request was granted, Adair asked to be transferred to a different attorney in light of Tirone's attitude concerning her request for leave time. The office manager agreed that a transfer would be appropriate but left for a vacation before it was finalized. On September 1, 2005, Adair's employment was terminated, allegedly at the insistence of Tirone. She was told that her termination was "without cause" and that she could therefore qualify for unemployment benefits. (Compl. ¶ 18.)

Adair filed this lawsuit against Tirone and McGuireWoods in the Circuit Court for

Baltimore City on August 28, 2006.  The First Claim for Relief is for Defendants' alleged interference with Adair's rights under the Family Medical Leave Act.  The Second Claim for Relief is for retaliatory discharge.  The Third Claim for Relief is for defamation.  Finally, the Fourth Claim for Relief is for intentional infliction of emotional distress.  On October 3, 2006, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(b) on the grounds that it presents a federal question.  On October 10, 2006, Defendants filed a Motion to Dismiss Count Two of Plaintiff's Complaint, contending that the Second Claim for Relief fails to state a claim for common law abusive discharge because Maryland does not recognize the tort where a statutory remedy exists.

## STANDARD OF REVIEW

Defendants seek to dismiss only the Second Claim for Relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)). The "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (finding that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  Therefore, a 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's

3

complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal,* 248 F.3d at 325; *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

## ANALYSIS

Defendants have moved to dismiss the Second Claim for Relief. That count, which is entitled "Retaliatory Discharge in Violation of Public Policy by Both Defendants," alleges that "Defendants terminated Plaintiff's employment because Plaintiff exercised, or attempted to exercise, her lawful rights under the FMLA." (Compl. ¶ 40.) It further claims that the termination "was wrongful, retaliatory and in contravention of the public policy of this nation and state, as codified by the FMLA." (*Id.* ¶ 41.) Defendants contend that this count purports to state a claim for wrongful or abusive discharge, a common law tort under Maryland law. (Defs.' Mem. Supp. Mot. Dismiss 3.) Accordingly, they argue that the claim must fail because Maryland does not recognize the tort when a statutory remedy already exists for the employer's action. (*Id.* at 3-5.) The Plaintiff responds that the claim "does not seek to invoke the Maryland common law of abusive discharge" but rather is a cause of action for retaliatory discharge *pursuant to* the Family Medical Leave Act. (Pl.'s Mem. Opp'n Mot. Dismiss 1.)

The FMLA prohibits three categories of employer conduct. The two relevant to the subject Motion to Dismiss are codified at 29 U.S.C. § 2615(a). Section 2615(a)(1) provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." The Fourth Circuit Court of Appeals has deemed this provision to be "*prescriptive*, 'setting substantive floors for conduct by employers, and creating entitlements for employees.'" *Yashenko v. Harrah's NC Casino Co.,*

4

*LLC*, 446 F.3d 541, 546 (4th Cir. 2006) (citations omitted) (emphasis in original). In contrast to section 2615(a)(1), section 2615(a)(2) "contains *proscriptive* provisions that protect employees from discrimination or retaliation for exercising their substantive rights under the FMLA." *Yashenko*, 446 F.3d at 546 (citation omitted) (emphasis in original). This section provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." As Plaintiff aptly notes, the FMLA allows recovery under either or both provisions. (Pl.'s Mem. Opp'n Mot. Dismiss 2-3.)

Adair's First Claim for Relief contains express language from section 2615(a)(1) indicating a claim for "interference" under the FMLA. Her Second Claim for Relief, at issue in the subject Motion to Dismiss, does contain language of public policy and wrongful termination implying a cause of action for abusive discharge, as suggested by the Defendants.[1] However, the count also clearly refers to the FMLA multiple times and claims that the Plaintiff was discharged for "exercising, or attempting to exercise, her lawful rights under the FMLA. . . ." (Compl. ¶

---

[1] If this Court were to accept Defendants' argument that the Second Claim for Relief was a cause of action for common law abusive discharge, the Defendants would be correct that the claim would fail. It is well established that in Maryland, "at-will employment 'can be legally terminated at the pleasure of either party at any time.'" *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 182 (Md. 1989) (citation omitted). As aptly noted by the Defendants, the tort of abusive discharge is not recognized where a federal or state statutory remedy exists, because the public policy is codified in and protected by the statute. *Makovi*, 561 A.2d at 180. This Court has rejected common law abusive discharge claims where a federal statutory remedy was available. *See, e.g., Shaffer v. ACS Gov't Servs.*, 454 F. Supp. 2d 330, 337-338 (D. Md. 2006) (Jury Systems Improvement Act). In addition, this Court has previously held in unpublished opinions that "[a]s a matter of law, the FMLA cannot be a source of public policy on which to base a wrongful discharge claim under Maryland law." *Cooper v. Harbour Inns of Baltimore, Inc.*, Civil No. L-98-2173, 2000 U.S. Dist. LEXIS 4284, at *27 (D. Md. 2000) (citing *Makovi*, 561 A.2d at 179); *see also Hughes v. Domino's Pizza, Inc.*, Civil No. CCB-98-3560, 2000 U.S. Dist. LEXIS 5780 (D. Md. 2000) (citing *Makovi*, 561 A.2d at 179).

41.)  This is certainly within the scope of a retaliatory discharge claim under section 2615(a)(2) of the FMLA, because under the liberal pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).  Accordingly, this Court finds that the Adair's Second Claim for Relief states a claim for retaliation under the FMLA.

Accordingly, Defendants' Motion to Dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count Two of Plaintiff's Complaint is DENIED.  A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Date:  April 4, 2007